UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROI JOSE CEDENO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX, *et al*.,<br><br>Respondents. | Case No. 1:26-cv-03611 (EJD)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>Re: Dkt. No. 4 |

On May 11, 2026, Petitioner, proceeding pro se, filed a motion for temporary restraining order and petition for writ of habeas corpus, arguing that his detention has become unconstitutionally prolonged under the Due Process Clause of the Fifth Amendment. Dkt. 1. On May 12, 2026, the court set a briefing schedule, appointed counsel to Petitioner, and indicated that it intended to rule directly on the habeas petition and motion for a temporary restraining order. Dkt. 8. On May 15, 2026, Respondents filed an opposition to the pending motion. Dkt. 9. Petitioner, now proceeding through counsel, filed a reply on May 21, 2026. Dkt. 11.

## I.     BACKGROUND

Petitioner contends that he has been detained for over one month "even though no neutral decisionmaker … has conducted a hearing to determine whether this lengthy detention is warranted based on danger or flight risk." Dkt. 1 ¶ 2. He claims that, on March 30, 2026, Immigration and Customs Enforcement ("ICE") officials arrested him while he was attending a scheduled immigration appointment, despite that he had previously been detained and released by immigration officials on December 18, 2023. *Id*. ¶ 23. In opposition, Respondents acknowledge that the majority of courts in this district have found that where a non-citizen has been *re-detained*

Case No.: 1:26-cv-03611-EJD

United States District Court<br>Eastern District of California

by ICE with no showing of changed circumstances, the arrest and detention violates due process. Dkt. 9 at 1 (collecting cases). However, Respondents argue that since Petitioner's arrest roughly a month ago, his detention has become mandatory under 8 U.S.C. § 1231(a) because an immigration judge ("IJ") issued an order of removal for Petitioner. *Id.* at 2. Because Petitioner was ordered removed by an immigration judge, Respondents contend his prolonged detention claim has been rendered moot. *Id.* at 2.

## II.    LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).

## III.    DISCUSSION

"Where an alien falls within [the INA] statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). "While removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however,

Case No.: 1:26-cv-03611-EJD

United States District Court
Eastern District of California

aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001); *see also Baires v. Lynch*, No. 15-cv-03635-RS-PR, 2016 WL 4502558, at \*2 (N.D. Cal. Aug. 29, 2016) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]"). Courts in this district have found that "relief under due process is unavailable" where a final order of removal [has been] entered against Petitioner." *Wakil v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-01098-CDB (HC), 2026 WL 161223, at \*4 (E.D. Cal. Jan. 21, 2026). Under this circumstance, "Section 1231(a) attaches such that Petitioner must be detained for up to the 90-day statutory period pending removal[.]" *Id.*; *see also Perez Argueta v. Warden, California Det. Facility*, No. 2:26-CV-0777-DJC-CKD P, 2026 WL 926072, at \*3 (E.D. Cal. Apr. 6, 2026) (finding that due process was not violated where a final order of removal was entered while petitioner was detained, and his total detention had only reached six months).

Here, Petitioner was ordered removed by an IJ on April 20, 2026, with a deadline to appeal that decision of May 20, 2026. Dkt. 9-1. Whether or not Petitioner appealed the order of removal is significant here. If the decision *was not* appealed, then Petitioner's removal order would have become administratively final, and Section 1231(a)'s mandatory detention scheme would apply. *Leandro v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-1478 DC CSK, 2026 WL 972784, at \*2 (E.D. Cal. Apr. 10, 2026) ("Petitioner was ordered removed on April 1, 2026. Because he did not appeal, his 90-day removal period began on April 1, 2026, and continues until June 30, 2026. Petitioner's detention during this 90-day removal period is mandatory under the INA."); *Tanahan v. United States*, No. 2:25-cv-02075-RFB-BNW, 2026 WL 161761, at \*4 (D. Nev. Jan. 21, 2026); *see also* 8 C.F.R. § 1241.1(b) (noting that an order of removal issued by an IJ becomes final "[u]pon waiver of appeal by the respondent."). However, if Petitioner *did appeal* that decision, the order would not be final, rendering Section 1231(a) inapplicable. *Palencia v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-1058 DJC CSK, 2026 WL 818580, at \*2 (E.D. Cal. Mar. 25, pending2026) ("Petitioner is not detained pursuant to 8 U.S.C. § 1231(a) because his removal order is not administratively final where his appeal to the BIA is pending.");

Case No.: 1:26-cv-03611-EJD

*Navarro v. Mattos*, No. 2:26-CV-00359-RFB-BNW, 2026 WL 509443, at *1 (D. Nev. Feb. 24, 2026); *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1108 (S.D. Cal. 2025).

Petitioner has not indicated whether his removal decision was appealed even though his reply was filed on May 21, 2026—one day after the appeal deadline had passed. *See* Dkt. 11. As such, he has not carried his burden of establishing that he is likely to succeed on the merits of his claims. Given this, the court need not consider the other *Winter* factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.") (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

## IV.    CONCLUSION

Accordingly, for the reasons stated above, Petitioner's motion for a temporary restraining order is DENIED without prejudice to the filing of a renewed motion should Petitioner later present evidence that he has appealed his order of removal to the BIA. The parties are directed to meet and confer and file a proposed schedule for briefing the merits of the habeas petition by June 1, 2026.

**IT IS SO ORDERED.**

Dated: May 26, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California

Case No.: 1:26-cv-03611-EJD

4